United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1158

Deltic Farm and Timber Company, Inc.,　*
　　　　　　　　　　　　　　　　　　*
　　　Appellant,　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the Western
　　　v.　　　　　　　　　　　　　　*　District of Arkansas.
　　　　　　　　　　　　　　　　　　*
Great Lakes Chemical Corporation,　　*
　　　　　　　　　　　　　　　　　　*
　　　Appellee.　　　　　　　　　　　*

_____

Submitted:　June 12, 1997

Filed: July 24, 1997

_____

Before BOWMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
　　　Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is an interlocutory appeal brought by Deltic Farm and Timber Company ("Deltic"), seeking review of a partial summary judgment rendered below in favor of Great Lakes Chemical Corporation ("Great Lakes"). This case, in which Deltic alleges that Great Lakes wrongfully removed minerals from its property, is here under our diversity jurisdiction, and is governed by Arkansas law. We find that Arkansas law does not allow for the tolling of the statute of limitations where, as here, there is no

evidence of fraudulent concealment, and we therefore affirm the judgment of the district court.[1]

## I.

Deltic and Great Lakes are both owners of large amounts of property in southern Arkansas, an area that is home to a large percentage of the world's known bromine reserves. Bromine, which is a toxic, nonmetallic chemical useful in a variety of products, is found in underground brine deposits, and its extraction involves drilling wells to extract bromine-rich brine, separating the bromine from the brine, and then injecting the bromine-poor brine back into the ground. The point where the spent brine is injected is a point of high pressure, and the extraction point will exhibit low pressure; it is thus possible to force a migration of brine from one point to the other. Brine producers must file reports with the Arkansas Oil and Gas Commission (the "Commission") that indicate the amount of brine withdrawn, the location of wells, and other information such as porosity factors.

Deltic alleges that Great Lakes placed its wells in such a way as to extract bromine-rich brine from underneath its property. Deltic says that it did not become aware of Great Lakes's actions until Great Lakes applied to the Commission for the purposes of forming a "unit" of production. One requirement of such an application is to determine all of the property affected by the applicant's operations, and Deltic intervened in the application matter to argue that some of its property was affected by Great Lakes's operations but was nevertheless not included in the application. It was evidently the knowledge gained in this exercise that led Deltic to initiate this litigation.

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

## II.

The only issue in this appeal is whether, under the relevant Arkansas law, the statute of limitations in this case did not begin to run until after Deltic discovered that Great Lakes was removing bromine-rich brine from its property. Deltic points out that this "discovery rule," as it is called, is the law in several states, and it argues that the Arkansas Supreme Court, if given the chance, would hold that the rule is the law in Arkansas as well. We cannot agree. The Arkansas court had the chance in a recent mineral rights case to embrace this rule if it had believed it applied, but instead it voiced what appears to us to be a conviction that the rule is not part of the law of Arkansas. <u>Atlanta Exploration, Inc. v. Ethyl Corp.</u>, 301 Ark. 331, 340-41, 784 S.W.2d 150, 154 (1990).

The court, quoting a trespass case that has been relied on repeatedly by the Arkansas courts for more than a hundred years, held that " '[n]o mere ignorance on the part of plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute [of limitations] bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.' " <u>Id.</u>, quoting <u>McKneely v. Terry</u>, 61 Ark. 527, 545, 33 S.W. 953, 957 (1896). There is no dispute in the present case that Great Lakes committed no positive act of fraud. When Deltic acted to oppose the application to the Commission, it was able to support its argument with information that was in the public domain. Lacking any evidence of fraudulent concealment on Great Lakes's part, Deltic cannot withstand this summary judgment motion.

## III.

For the reasons stated, we affirm the summary judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.